UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60144-SMITH

UNITED STATES OF AMERICA,

    v.

SERGEI MARGULIAN and
DAMARY MENDEZ,

    Defendants.
    _____/

## GOVERNMENT'S FIRST MOTION TO CONTINUE
## TRIAL AS TO BOTH DEFENDANTS

The United States respectfully requests that the trial as to both Defendants in the above-captioned case be continued by at least 60 days, and that time through the period of any continuance be excluded pursuant to 18 U.S.C. § 3161(c)(7)(A). Defendant Sergei Margulian ("Margulian") joins the request for a continuance, and has indicated that he intends to request a trial date in 2026. The Government does not oppose a trial date in 2026, but believes that a continuance of at least 60 days is necessary for all parties to be prepared to try the case. On August 22, 2025, counsel for Defendant Damary Mendez ("Mendez") first notified the government that Mendez intends to proceed to trial on September 8, and opposes any continuance.

This case was indicted on June 17, 2025, and this is the first continuance sought. This case arose out of a multi-year investigation involving multiple pain management clinics. Good cause exists to extend the trial date on this two-defendant, seven-count indictment involving a years'-long scheme to illegally distribute oxycodone because: (1) the case is complex involves a significant volume of discoverable materials including tens of thousands of files that are still

1

undergoing a privilege review by Defendant Margulian before they can assessed for discoverability by the government and then produced to Defendant Mendez; (2) lead counsel for the United States and the agents who led the investigation—some of whom would testify in a trial against Defendants Margulian and Mendez—are scheduled to be on trial on a different multi-defendant, multi-week trial starting September 17, 2025, are therefore not available for a trial of this matter in early September, and, thus, the government's interest in continuity of counsel would be contravened; (3) Defendant Margulian desires a continuance of the trial date, representing that he needs additional time to review discovery and prepare for trial, and judicial economy and justice requires that the Defendants, who are charged with the same counts related to their illegal drug distribution conspiracy, be tried together; and (4) pre-trial motions are not currently due until August 29, one business day before the calendar call and less than ten days before the currently scheduled start of trial, leaving little time to fully brief the motions and prepare for trial in response to any key pre-trial rulings. In addition, due to the complex nature of this case and volume of discovery already produced and anticipated to be produced in the future, the Court should find that the ends of justice are served by excluding time through the rescheduled trial date.

## BACKGROUND

### A.  Procedural History

On June 17, 2025, Defendants were charged by Indictment with one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. [D.E. 3]. Defendant Margulian was charged with six counts of distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and Defendant Mendez was charged with two of those counts. [*Id*.]. The Indictment alleges that Defendant Margulian, with assistance from Defendant Mendez, prescribed

at least 2.9 million pills of oxycodone to patients of the pain management clinics Defendant Mendez managed. [*Id.*].

On June 20, 2025, both Defendants were arrested. On June 23, 2025, the case was unsealed, an initial appearance was held on the charges against Defendants, and the Court found that the ends of justice were served by excluding time between June 23, 2025 and July 7, 2025, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. [D.E. 7, 13]. On July 3, 2025, the Court granted Defendant Margulian's unopposed motion to continue arraignment until July 21, 2025, and further excluded time through July 21, 2025. [D.E. 35].

On July 9, 2025, the Court entered a Scheduling Order, setting this matter for jury trial on September 8, 2025. [D.E. 41]. The order also provided that all pre-trial motions and motions in limine were to be filed by 28 days following arraignment, which was held on July 7, 2025, for Defendant Mendez and July 21, 2025, for Defendant Margulian. [*Id.*, D.E. 36, 44].

**B.     Status of Discovery Productions and Pre-Trial Disclosures**

On July 21, 2025, the government made its initial production of discovery to Defendant Mendez in this matter, consisting of over 19,000 separate files, over 450,000 pages of documents, and over 100 GB of data, including interview reports, subpoena returns, cell phone data, search warrant affidavits and inventories, and electronic medical records and patient files obtained through search warrants. On August 1, 2025, the government produced the same discovery to Defendant Margulian's counsel, who had recently appeared in the case.

   1. <u>Margulian Phone Data</u>

Some of the materials gathered in this investigation include potentially privileged material for which Defendant Margulian and sometimes others, but not Defendant Mendez, are potential privilege holders. The government filter team has a process by which it handles these materials,

3

which was agreed to by Defendant Margulian. As a part of that process, the materials have been screened from the prosecution team by the government filter team until a review was, or can be conducted, to screen out potentially privileged material. Any materials that the filter team identifies as potentially privileged are then sent to Defendant Margulian (or another privilege holder if appropriate) for review and non-privileged material is released to the prosecution team.

Accordingly, on August 8, 2025, the government, through a filter team, produced to only Defendant Margulian all data from Defendant Margulian's cell phone obtained through a search warrant (the "Margulian Phone"), which constituted over 265,000 documents.[1] The prosecution team is in the process of reviewing non-privileged material from the Margulian Phone and preparing discoverable materials for production to Defendant Mendez, and anticipates making an initial production of that material by September 2, 2025.

In addition, the government's filter team produced over 32,000 files of potentially privileged material from the Margulian Phone to Margulian ("Margulian PPM Data"). The Margulian PPM Data has been provided to Margulian's counsel to assess for privilege, but it has not yet been produced to the prosecution team or Defendant Mendez. The identification of Margulian PPM Data was complicated (and the length of the review exacerbated) by the fact that a number of files contained on the phone were foreign language documents, and the government's filter review had to be conducted by Filter Team personnel capable of reviewing foreign language documents.

Once Margulian's counsel is able to review the Margulian PPM Data, which was provided to Margulian's counsel in early August, the government will then be able to determine whether additional responsive materials, if any, exist within the material over which no claim of privilege

---

[1] All numbers referred to in this section constitute the numbers after any date range has been applied to the data as a result of the search warrant's provisions.

4

is made, and provide such materials to Defendant Mendez. Additionally, Defendant Mendez will have the ability to assess and potentially contest Defendant Margulian's privilege assertions. The government filter team is working to enter a filter protocol consistent with what is described herein, for this Court's approval, in collaboration with counsel for Margulian. The filter protocol proposed by the government will include the establishment of a reasonable schedule for any privilege assertions to be made with respect to the Margulian PPM Data.

2. Doctor 2 Phone Data

The government seized a second cell phone from another doctor who practices at the pain management clinics (the "Doctor 2 Phone"). The government anticipates making an initial production of discoverable non-privileged materials from the Doctor 2 Phone by September 2, 2025.

The government's filter team also conducted a filter review on the Doctor 2 Phone and withheld over 29,000 documents as potentially protected material (the "Doctor 2 PPM Data"). The identification of the Doctor 2 PPM Data was similarly complicated and lengthy due to foreign language documents and a large volume of video and audio files, which are often required to be reviewed manually. The government is working to provide this to Doctor 2's counsel for a privilege review.

3. Additional Discovery

In addition to these phones, the government anticipates producing additional materials to the Defendants, including the contents of additional electronic devices seized pursuant to search warrant that are not subject to filter review. The government is working diligently to produce or make available all outstanding discovery as soon as possible.

    4. <u>Reciprocal Discovery</u>

The government has not yet received any reciprocal discovery from any Defendant.

**C. Continuance Motions**

On August 14, 2025, counsel for the government conferred with counsel for both Defendants regarding the trial date. Counsel for both Defendants agreed to provide the government with their position on a motion to continue as soon as possible. On August 18, 2025, the day on which pre-trial motions were due, both Defendants filed motions to extend the date by which they were required to file pre-trial motions. Defendant Margulian sought an extension based upon the voluminous discovery the government had recently produced. In so doing, he noted his counsel was in the "process of conferring with counsel for Damary Mendez about the length of any continuance sought, and we hope to submit a joint motion in the coming weeks that will propose a revised pre-trial and trial schedule." [D.E. 55, ¶ 7]. Defendant Mendez requested an extension through August 29, 2025, for pre-trial filings. [D.E. 56]. On August 21, 2025, this Court entered a paperless order extending the date for motions in limine and pretrial motions to August 29, 2025. [D.E. 57]. The government's understanding when agreeing to continue pre-trial deadlines was that the parties would be seeking a continuance of the trial date and, thus, it was appropriate to notify the Court and to seek to postpone the upcoming pre-trial deadlines while the parties conferred regarding a continuance of the trial.

On August 22, 2025, counsel for Defendant Mendez informed the government for the first time that Mendez intends to proceed to trial on September 8, 2025, and would oppose a continuance of the trial date.

The Speedy Trial Act currently requires that the trial as to Defendant Damary Mendez commence on or before September 15, 2025, and as to Defendant Sergei Margulian by September 29, 2025.

## LEGAL STANDARD

"Trial courts are afforded 'great latitude' with respect to scheduling, and judges enjoy broad discretion' in ruling on motions for continuances." *United States v. Pendergrass*, 995 F.3d 858, 870 (11th Cir. 2021) (citing *United States v. Garmany*, 762 F.2d 929 (11th Cir. 1985)). In evaluating motions to continue, courts in the Eleventh Circuit consider the following factors: "the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *Garmany*, 762 F.2d at 936 (quoting *United States v. Uptain*, 531 F.2d 1281, 1286 (5th Cir. 1976)). The determination turns on the circumstances of each case, particularly the reasons presented to the district court at the time of the request. *United States v. Saffioti*, 795 F. App'x 733, 735 (11th Cir. Nov. 25, 2019) (citing *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007)).

## ARGUMENT

A continuance of the trial by at least 60 days is warranted based on the complexity of this case, Defendant Margulian's request for a trial continuance due to his need to review discovery and prepare for trial, the need for the filter process to complete in order to provide materials to Defendant Mendez, the substantial discovery already produced and additional discovery that is yet to be provided, the short turnaround of any pre-trial motions, the fact that reciprocal discovery has not yet been produced, and the prejudice that would result if the government were required to proceed to trial without lead counsel and the agents who have been responsible for this

investigation and prosecution for multiple years, and the government's and Court's interest in trying the charges against both defendants together. Moreover, time should be excluded through the reset trial date in the interest of justice due to the voluminous discovery and complexity of issues in this case.

I. **THE TRIAL DATE SHOULD BE CONTINUED.**

A. **Substantial Additional Discovery, Including Reciprocal Disclosures, Is Outstanding.**

In the two months since this case was indicted, the United States (through both the prosecution team and the filter team) has produced over 100 GB of data, including over 19,000 files and over 450,000 pages of documents to the defense. The produced files include bank records, travel records, interview reports, patient files, and voluminous documents seized during the execution of two premises search warrants. Despite these significant efforts in a limited period of time, substantial additional discovery remains outstanding. Defendant Margulian has represented to the government that he is still reviewing this material and needs additional time to meaningfully review this material and adequately prepare his defense for trial. This is a reasonable position in light of the volume of material, and in particular complex material such as patient files and prescription data that require substantial time to review.

In addition, the government anticipates producing additional materials before trial, including producing the Margulian Phone to Defendant Mendez, which has undergone a government filter team review and is being reviewed by Defendant Margulian's counsel.[2] The government also anticipates producing materials from the Doctor 2 Phone, seized from a second doctor who worked at the pain management clinics alongside Defendants Margulian and Mendez.

---

[2] The entirety of the phone was produced to Defendant Margulian in early August.

While the government will provide discoverable materials from these phones to Defendants as soon as it receives the materials itself, the privilege holders will still need time to review potentially privileged materials, which requires the privilege holder to make any assertions over the tens of thousands of potentially privileged documents identified by the filter team on each phone. Once those individuals complete that review, the government will have to do a second review of the non-protected materials to determine whether any discoverable documents exist that should be produced to Defendants. Moreover, Defendants will have the ability to contest the privilege assertions made by these privilege holders.

Last, the United States has made defense counsel aware of the existence of other investigations that may generate material that is potentially subject to discovery in this case, such as investigations relating to individuals or entities who worked with one or both Defendant(s) or investigations of individuals or entities who worked with one or more cooperating witnesses. In addition, some of the cooperating witnesses in this case also are cooperating in other cases set for trial or under investigation.

The United States will comply with its ongoing discovery obligations and accordingly anticipates producing further discovery as it becomes available, such as interview reports generated in preparation for trial, trial subpoena returns, summary exhibits, witness and expert disclosures, and records pertaining to cooperating witnesses (including additional potential Jencks Act and *Giglio* material).

Additionally, the government requested but has not yet received reciprocal discovery from the Defendants. The government needs time to review such discovery before trial.

**B.     Lead Government Counsel and Agents Are Not Available for a September Trial.**

The court must consider continuity of counsel in deciding a motion to continue. *See United States v. Hernandez*, No. 98-0721-CR, 2000 WL 36741166, at *2 (S.D. Fla. July 6, 2000) (citing *United States v. Vasser*, 916 F.2d 624, 626-27 (11th Cir. 1990)); 18 U.S.C. § 3161(h)(7)(b)(iv) (even in noncomplex case, courts must consider whether failure to grant a continuance would "unreasonably deny the defendant *or the Government* continuity of counsel" (emphasis added)).

Both the case agents who investigated and are fact witnesses in the instant case and the lead government counsel Jacqueline DerOvanesian begin a multi-week, multi-defendant trial on September 17, 2025, in *United States v. Brosius*, Case No. 24-cr-20255 (S.D. Fla., Dimitrouleas, J.). The *Brosius* matter was charged in June 2024 and has been set for trial and continued on several occasions and is expected to proceed. This trial is expected to take three weeks. It is a complex HIV medication diversion scheme and was recently continued from August to September to allow the government time to review a newly-asserted advice of counsel defense, including reviewing thousands of pages of documents that became available to the government after the defense recently waived privilege. DerOvanesian's and the case agents' investment of time and effort in preparation for the *Brosius* trial is significant thus far and expected to continue as a full-time effort over the next several weeks leading up to trial. These team members cannot realistically be replaced as the *Brosius* matter heads to trial—indeed, some are fact witnesses in that case as well. Additionally, lead government counsel Jacqueline DerOvanesian has a separate multi-defendant case set for trial on October 6, 2025, in *United States v. Yusuf*, Case No. 0:25-cr-60145 (S.D. Fla., Damian, M.).

If the government were required to proceed to trial against Defendants here without the case agents whose testimony is required at trial as well as the lead prosecutor who handled the

10

investigation and indictment of this matter, it would be severely prejudiced. The testifying agents are fact witnesses with firsthand knowledge of the critical evidence against both Defendants. The charges against Defendants are complex and are supported by witness statements and a significant amount of documentary evidence. It would take replacement prosecutors and agents weeks if not months to get up to speed. The government and the public are entitled to continuity of counsel, which requires that the trial be continued.

**C.  Defendant Margulian Sought a Continuance and Judicial Efficiency Requires Defendants be Tried Together.**

Defendant Margulian has represented to the Court that he needs additional time to review the evidence and prepare for trial due to the voluminous and ongoing nature of discovery productions. [D.E. 55]. The government agrees with Defendant Margulian's assessment that the evidence is complex and voluminous and warrants additional time for Defendants to prepare. The proof against the Defendants—each of whom are charged with the same conspiracy and several of the same substantive counts—will have significant overlap. Many of the witnesses who will testify in a trial against Mendez would also be expected to testify in a trial against Margulian. It would be unnecessarily burdensome on the Court and these witnesses to go through two trials.

Indeed, it is the strong preference of the Supreme Court and Eleventh Circuit that defendants properly charged together be tried together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Not only does this promote judicial efficiency but it also "serve[s] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (quotation and citations omitted). The preference for trying defendants together, where (as here) it is appropriate to do so under Federal Rules of Criminal Procedure 8 and 14, is one reason why the Speedy Trial Act contains an exclusion for delays "when the defendant is joined for trial with a codefendant as to

11

whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *see, e.g., United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988) ("The legislative history of the [Speedy Trial] Act indicates that the purpose of the (h)(7) [now (h)(6)] exclusion was 'to make sure that [the Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under Section 3161.'"); *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982) (In enacting the Speedy Trial Act, "Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time.").

**D.      There Is Not Sufficient Time to Fully Brief Pretrial Motions and Motions in Limine.**

Pretrial motions and motions in limine are not due to be filed until Friday, August 29, 2025. [D.E. 57]. Under Local Rule 7.1, responses to such motions will be due on Friday, September 12, and replies in further support of such motions will be due on Friday, September 19. Accordingly, there is not sufficient time for the parties to complete the typical briefing of such motions before trial is set to begin. Even on an expedited briefing schedule, it would be a tall order to complete briefing sufficiently ahead of the September 2 calendar call for the Court to consider and rule on any pre-trial issues. And the Court's rulings on the yet to be filed motions will likely impact the parties' trial strategy and the evidence presented by the other parties. A continuance would allow sufficient time for the parties to file and respond to such motions, for the Court to rule, and for the parties to meaningfully account for the Court's rulings in their trial preparations.

**II.   THE ENDS OF JUSTICE REQUIRE THAT TIME BE EXCLUDED THROUGH THE RESET TRIAL DATE.**

The government further requests that the Speedy Trial time, which was tolled through July 7, 2025, for Defendant Mendez, and through July 21, 2025, for Defendant Margulian, be further tolled until the date the trial commences in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv). The Court may properly exclude certain periods of delay in computing the time when the trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

For the reasons stated above, the ends of justice served by the requested continuance outweigh the interests of the public in a speedy trial and Defendant Mendez in her requested trial date.

**CONCLUSION**

WHEREFORE, the United States requests that the Court: (1) continue the trial; (2) specially set the trial for a date no sooner than 60 days from the date of its order; and (3) order that time be excluded through the specially set trial date due to the volume of discovery and complexity of issues in this case. If the Court is not inclined to grant a continuance to the suggested date, the parties respectfully request a status conference to address the issues raised herein.

Dated:  August 26, 2025

    Respectfully submitted,

    LORINDA LARYEA, ACTING CHIEF
    CRIMINAL DIVISION, FRAUD SECTION
    U.S. DEPARTMENT OF JUSTICE

    JASON A. REDING QUIÑONES

UNITED STATES ATTORNEY

By:   /s/ Jacqueline Z. DerOvanesian
      Jacqueline Z. DerOvanesian, Trial Attorney
      Florida Bar No. 125662
      United States Department of Justice
      Criminal Division, Fraud Section
      1400 New York Avenue NW
      Washington, D.C. 20005
      202-285-9285
      Jacqueline.DerOvanesian@usdoj.gov

## **LOCAL RULE 88.9(a) CERTIFICATION**

On August 22 and 25, 2025, undersigned counsel conferred by telephone with counsel for both Defendants in a good faith effort to resolve the issues raised in the Motion. Counsel for Defendant Damary Mendez represented that she opposes a continuance of trial. Counsel for Defendant Sergei Margulian represented that he joins the request for a continuance of trial date, and intends to file his own motion to continue trial date.

*/s/ Jacqueline Z. DerOvanesian*
Jacqueline Z. DerOvanesian

## **CERTIFICATE OF SERVICE**

I, John Scanlon, hereby certify that on August 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Jacqueline Z. DerOvanesian*
Jacqueline Z. DerOvanesian